State v. Hinton

---

STATE OF NORTH CAROLINA v. WILLIAM HENRY HINTON

No. 7526SC408

(Filed 1 October 1975)

Criminal Law § 119— request for instructions — instructions given in substance — no error
    While the court did not give instructions on reasonable doubt and presumption of innocence as lengthy as those requested by defendant, the court did give the requested instructions in substance.

APPEAL by defendant from *Chess, Judge*. Judgment entered 19 March 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 September 1975.

By indictment proper in form, defendant was charged with (1) breaking and entering the residence of J. H. Barbour, and (2) larceny of a television set, shotgun and camera pursuant to the breaking and entering. He pled not guilty.

Evidence against defendant included a written statement which he gave to police in which he admitted participation in the offenses charged. Following a voir dire hearing, the court found that the statement was given voluntarily.

The jury returned a verdict of guilty and from judgment imposing prison sentences, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Conrad O. Pearson, for the State.*

*Roger H. Bruny for defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error is that the court erred in refusing to give jury instructions on reasonable doubt and presumption of innocence as requested by defendant in writing. We find no merit in the assignment.

The rule with respect to the question presented appears to be properly stated in 3 Strong, N. C. Index 2d, Criminal Law, § 119, p. 30, as follows:

"Where a prayer for special instructions is aptly tendered, and the instructions requested are correct in law and are based upon the evidence adduced, it is error for the court to fail to give the instruction requested, in substance at least. But the court is not required to give such instructoins verbatim, it being sufficient if the court gives the requested instructions in substance."

In the case at hand, while the court did not give instructions on reasonable doubt and presumption of innocence as lengthy as those requested by defendant, we hold that the court gave the requested instructions "in substance" and the jury was properly charged on the legal principles involved.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and CLARK concur.